UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KELLIE BLACK<br><br>Plaintiff,<br><br>v.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA<br>and<br>TRI-TECH LABORATORIES, INC. d/b/a KNOWLTON DEVELOPMENT CORPORATION<br><br>Defendants. | CIVIL ACTION<br><br>NO.: 22-CV- |

## COMPLAINT

Plaintiff, Kellie Black, hereby brings a civil action against Defendants, Sun Life Assurance Company of Canada (Sun Life) and Tri-Tech Laboratories, Inc., d/b/a Knowlton Development Corporation (Tri-Tech), based on the following:

## THE PARTIES

1.  Plaintiff, Kellie Black (hereinafter "Ms. Black"), an adult individual, is at all times material hereto, a citizen of the State of New Jersey.

2.  Defendant, Sun Life Assurance Company of Canada, (hereinafter "Sun Life"), is upon information and belief an insurance company licensed to do business in the State of new Jersey. Upon information and belief, Sun Life's principal mailing address for purposes of effectuating service of process is One Sun Life Executive Park, Wellesley Hills, MA 02481-5699.

3. Defendant, Tri Tech is upon information and belief a Virginia corporation with principal place of business of 1000 Robins Road, Lynchburg, VA 24504.

4. Upon information and belief, Tri Tech sponsors a Short-Term Disability Plan ("STD Plan") for the benefit of employees, which plan is a component of Tri Tech's Benefits Program. Upon information and belief, Tri Tech is designated as the Plan Sponsor of the STD Plan.

5. Upon information and belief, Sun Life is the designated Claims Administrator and employee contact point for the STD Plan.

6. This Court has jurisdiction pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA") 29 U.S.C. 1132(a).

7. Venue is proper in this matter pursuant to Title 28, United States Code, Section 1391, in that at all times material hereto, the Plaintiff is a citizen of State of New Jersey and is the place where she would've received her contested benefit. Moreover, the Defendant Sun Life is both authorized and regularly conducts business in the State of New Jersey.

8. At all times material hereto, Defendants acted by and through its agents, servants, and employees, who acted within the scope of their authority from Defendants.

9. Upon information and belief, the STD Plan is an employee welfare benefits plan as defined and governed under and pursuant to the Employee Retirement and Income Security Act of 1974, 29 U.S.C. Section 1001, et seq., as amended (ERISA).

## **BACKGROUND FACTS**

10.     The allegations in paragraphs 1 through 9 are incorporated herein by reference as if fully set forth herein.

11.     At all material times hereto, plaintiff was employed by Tri-Tech as a human resource director.

12.     On or about August 19, 2021, Ms. Black was placed on disability by her treating medical provider due to a physical disability as a result of Sickness, the nature of which, due to privacy, is detailed within the administrative record, rendering her disabled as defined under the terms of the Plan.

13.     On August 20, 2021, Ms. Black followed Tri-Tech protocol and informed her "team" that she was being placed on disability leave.

14.     On or about August 20, 2021, Ms. Black similarly informed Sun Life that she was being placed on disability leave by her treating providers.

15.     On Friday August 20, 2021, and Monday August 23, 2021, Ms. Black finished up some rote, final administrative tasks at Tri Tech to enable her successor a smooth transition during the time she would be on disability leave.

16.     Upon information and belief, it was expressly known by the defendants that upon the conclusion of these limited administrative steps undertaken by Ms. Black over two days (August 20 and 23) for the benefit of her successor, her total disability leave was going to commence on August 24, 2021.

17.     Notwithstanding defendants' knowledge that Ms. Black had set in motion a disability claim at the bequest of her treating provider, Ms. Black's was summarily terminated from her employment at Tri-Tech.

18. Via letter dated September 16, 2021, upon review of the medical records, Sun Life recommended approval of Ms. Black's STD claim.

19. Thereafter, via letter dated September 24, 2021, Ms. Black was informed by Sun Life that her disability claim was being denied due to the stated reason that she *"worked up to the date of termination August 23, 2021 therefore you are not eligible for disability benefit."*

20. On or about March 15, 2022, Ms. Black submitted a timely appeal of the Defendants' decision to deny her STD claim.

21. Via letter dated July 7, 2022, Sun Life issued a final decision denying Ms. Black's claim for STD benefits and informing her that she had exhausted her administrative remedies.

### COUNT I – DEFENDANT'S VIOLATION OF ERISA AND WRONGFUL DENIAL OF LTD BENEFITS UNDER 29 USC SECTION 1132(a)(1)(A) and (B)

22. The allegations contained in paragraphs 1 through 21 above are incorporated herein by reference as though fully set forth at length herein.

23. Ms. Black was placed on disability by her treating providers on August 19, 2021. She *"finished up"* on August 20 and August 23, performing administrative transitional work to ensure a smooth transition for her Tri-Tech successor.

24. Tri Tech knew of Ms. Black's disability status when she was terminated from employment on August 23, 2021.

.25. Sun Life thereafter reversed its recommendation to approve benefits and attempted to substantiate its denial by averring that Ms. Black was not a covered employee and therefore not eligible for benefits.

26. Ms. Black is and remains disabled from performing the duties of her occupation and at all times material hereto has provided medical and other evidence to establish her disability under the Plan and, as a result, she is entitled to STD Group Insurance benefits under the Plan.

27. Defendants' review and decision to deny Ms. Black's STD group benefits was wrong and/or arbitrary and capricious, in violation of ERISA, and in violation and contrary to standards and provisions of the applicable Plan, including but not limited to the reasons set forth above.

28. Defendants' review, claim handling, and decision to deny Ms. Black's STD group benefits was arbitrary and capricious inasmuch as it was not reasonable and was not supported by the evidence of record and, in addition, to being biased, self-serving and otherwise tainted by a conflicts of interest, it was also the product of a complete disregard of and egregious violations as to ERISA claim regulations, all of which constitutes "extraordinary circumstances" that warrant and demand a substantive remedy.

29. The decision to deny Ms. Black's STD group benefits resulted in a monetary savings to the Defendants and, thus, was tainted by a conflict of interest.

30. Because of the substantive and procedural conflicts of interest and violations of ERISA's claim regulations, Defendant's decision to deny Ms. Black's STD group benefits was an abuse of discretion.

31 As a direct result of the Defendant's violations of ERISA and wrongful denial of benefits, Ms. Black has been caused to retain counsel and incur attorneys'

fees and incur other costs and expenses which she is entitled to recover and seeks recovery of these attorneys' fees, costs and expenses herein.

32. Because the defendants were to have provided this employee benefit plan which is covered by ERISA, the defendant is obligated to abide by the terms and conditions as stated in its own policy of coverage.

33. Under ERISA, the defendants are bound to honor its own contract.

34. Defendants have arbitrarily and capriciously failed and refused to abide by the terms and conditions as stated in the Policy.

## COUNT II - BREACH OF FIDUCIARY DUTY – UNDER 29 USC SECTION 1132(a)(3)

35. The allegations contained in paragraphs 1 through 34 above are incorporated herein by reference as though fully set forth at length herein.

36. As set forth hereinabove, defendants were timely aware that Ms. Black had been placed on total disability leave by her treating providers.

37. As set forth hereinabove, on August 23, 2021, Ms. Black was terminated from her employment and said termination was used as justification to deny her STD benefits.

38. The defendants owed a fiduciary duty to Ms. Black.

39. Ms. Black placed her trust and confidence in the defendants, who were in a dominant and/or superior position to her.

40. Defendants owed Ms. Black a duty of loyalty and a duty to exercise reasonable skill and care in regard to its position.

41. Defendants breached these duties by denying Ms. Black's disability benefits on the basis that she was not a covered employee even though defendants had actual knowledge of her impending disability at the time of termination.

42. The Defendants' decision to *terminate* Ms. Black's employment and deprive Ms. Black of her rights under ERISA, and thus her claim for short term disability benefits was in violation of Section 540 of ERISA (29 USC Sec 1140).

43. Defendants breached these duties by, and in furtherance of their own economic motives and to the detriment of Ms. Black, thus denying Ms. Black's benefits.

44. As a result of the defendants' breach of their fiduciary duties to Ms. Black, she has been deprived the right to have short term disability coverage and thus injured.

**WHEREFORE**, Plaintiff Kellie Black demands judgment against Defendants Sun Life Assurance Company of Canada and Tri Tech Laboratories that this Court compel Defendants provide Plaintiff with the full and complete retroactive short-term disability coverage from the onset of her disability to the policy duration, complete with reasonable attorneys' fees, costs, and expenses as permitted under ERISA, interest, and any other equitable relief that this Court deems appropriate.

**ROSEN MOSS SNYDER LLP**

By: *[signature]*
**MARC H. SNYDER, ESQUIRE**
Rosen Moss Snyder LLP.
1300 Virginia Drive, Suite 310
Ft. Washington, PA 19034
(215) 935-0315
Attorney for Plaintiff, Kellie Black
msnyder@rms.law